IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ESTHER (KIM) CHRIS,

                    Plaintiff,

       v.

SARAH CARPENTER; INSIL KANG; BEN
SPOTTS; and VILLAGE CHURCH,

                 Defendants.

Case No. 3:21-cv-00924-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Esther (Kim) Chris ("Chris"), a self-represented litigant, filed this action against

defendants Sarah Carpenter ("Carpenter"), Insil Kang ("Kang"), Ben Spotts ("Spotts"), and

Village Baptist Church (the "Church") (together, "Defendants"), alleging claims of

discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). On

June 2, 2022, the Court granted Carpenter's motion to dismiss (ECF No. 17), granted

Defendants' motion to dismiss (ECF No. 19), and denied Chris's motion for default (ECF No.

44), motion to dismiss (ECF No. 45), and motion to quash (ECF No. 46). (*See* Order, ECF No.

64.)

PAGE 1 – FINDINGS AND RECOMMENDATION

The Court allowed Chris thirty days to file a second amended complaint curing the deficiencies identified in the Court's order. (*Id*.) Chris timely filed a second amended complaint on July 5, 2022, again alleging claims of retaliation and discrimination under Title VII and alleging additional causes of action for retaliation, discrimination, and aiding and abetting under OR. REV. STAT. § 659A, failure to pay minimum wage under OR. REV. STAT. § 653.010 to § 653.261, breach of contract, and violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (*See generally* Second Am. Compl. ("SAC").)

Now pending before the Court is Defendants' motion to dismiss several claims in Chris's SAC for lack of subject matter jurisdiction and failure to state a claim (ECF No. 67), and Chris's motion to strike (ECF No. 70).[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1367, but the parties have not yet consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. Defendants requested oral argument, but the Court found the matter suitable for disposition without oral argument. (ECF No. 73.)

For the reasons that follow, the Court denies Chris's motion to strike, and recommends that the district judge grant in part and deny in part Defendants' motion to dismiss.

## FACTUAL BACKGROUND[2]

Chris has worked for the Church as a choir accompanist since 2014. (SAC ¶ 21.) In November 2020, the Church hired Carpenter to join Chris's team "as a supervisor over Chris."

---

[1] Chris's response to Defendants' motion to dismiss includes a "Request to Strike Defendants' External Documents and Alleged Facts." (ECF No. 70 at 4.) After the Court took Defendants' motion to dismiss under advisement, Chris filed a declaration in support of her request to strike Defendants' evidence. (*See* ECF No. 74.)

[2] Chris alleges the following facts in the SAC and the Court assumes they are true for the purpose of reviewing the pending motion to dismiss. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (explaining that when reviewing a motion to dismiss for failure to

(*Id.* ¶¶ 12, 16.) Soon after, Carpenter emailed "the whole choir that someone else . . . would be the pianist/accompanist for the choir." (*Id.* ¶ 12.) Chris alleged that this was an "invasion of her job duties and a demotion" and caused Chris "confusion, humiliation, and embarrassment[.]" (*Id.* ¶¶ 12-13.) Chris emailed Carpenter to complain about her change in role, but Carpenter "did not answer the question" and "stated that she needed someone to translate for . . . future communications with Chris," which Chris viewed as a "disparaging reference to her accent."[3] (*Id.* ¶¶ 13-14.)

Chris complained to "upper management," including Kang and Spotts, who "did nothing to investigate or address her complaints." (*Id.* ¶ 15.) Chris then complained to "the next level, the Board of Elders." (*Id.*) While the Board of Elders was "consider[ing]" Chris's complaint, Carpenter sent an email to the Board of Elders again addressing Chris's language proficiency. (*Id.*) Chris claims that Carpenter has "gone on to more and more minimize Chris'[s] role and divide her from the Church and the choir." (*Id.* ¶ 17.) The Board of Elders did not solve the problem between Chris and Carpenter. (*Id.* ¶ 20.)

After Chris filed the present lawsuit and related complaints with the Equal Employment Opportunity Commission ("EEOC") and Bureau of Labor and Industries ("BOLI") in the fall of 2021, Chris became "isolated[,]" was "replaced" in her position by "a white male," and "anticipates she may be terminated." (*Id.* ¶¶ 18-19.) Further, Chris alleges that the Church "failed to pay [her] for her time worked and even to pay her minimum wage under Oregon law or

state a claim, a court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party") (citation omitted).

[3] Chris is Korean and her first language is Korean. (SAC ¶¶ 12, 16.)

Federal law" and that the decision to underpay her was based on "discrimination and retaliation." (*Id*. ¶ 22.)

## LEGAL STANDARDS

### I.      RULE 12(B)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes motions to dismiss for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). When a party challenges subject matter jurisdiction, the burden of proof is on the party asserting that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[Federal courts] possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree, [and therefore, i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

### II.     RULE 12(B)(6)

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has

acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (simplified).

## III.    SELF-REPRESENTED LITIGANTS

"*Pro se* complaints are construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)); *see also Hebbe*, 627 F.3d at 342 ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings."). The court must "afford [a self-represented plaintiff] the benefit of any doubt." *Id.* (quoting *Hebbe*, 627 F.3d at 342). "Unless it is absolutely clear that no amendment can cure the defect, . . . a [self-represented] litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

## DISCUSSION

## I.    CHRIS'S MOTION TO STRIKE

Chris moves the Court to "strike and disregard" the declaration of Cheney Moss and exhibits attached thereto. (Pl.'s Resp. Defs.' Mot. Dismiss ("Pl.'s Resp.") at 4.) Chris argues that considering Defendants' exhibits would inappropriately convert Defendants' motion to dismiss to one for summary judgment. (*See id.*) Defendants argue that the Court may take judicial notice of these documents. (Defs.' Reply Supp. Defs.' Mot. Dismiss ("Defs.' Reply") at 4.) The Court agrees.

Defendants' exhibits include (1) Chris's BOLI complaint, (2) a letter from BOLI to Chris closing her claim, a document commonly referred to as a "right-to-sue" letter, and (3) Chris's EEOC charge of discrimination. (*See* Decl. Cheney Moss Supp. Defs.' Mot. Dismiss ("Moss

PAGE 5 – FINDINGS AND RECOMMENDATION

Decl."), Exs. A-C.) Defendants also filed with their reply a letter from the EEOC to Chris dismissing her charge. (*See* Decl. Cheney Moss. Supp. Defs.' Reply Pl.'s Resp. ("Moss Decl. II"), Ex. D.) Chris also submitted her BOLI complaint and EEOC charge as exhibits to her declaration in support of her motion to strike. (*See* Decl. Chris Supp. Mot. Strike, Ex. A.)

A court considering a motion to dismiss may take notice of matters of public record, and materials necessarily relied upon in the pleadings where authenticity is not contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001). Here, Chris does not contest the authenticity of Defendants' documents, and the BOLI and EEOC letters are the type of public records appropriate for judicial notice. *See, e.g.*, *English v. Wal-Mart Super Ctr.*, No. 05-cv-1089-BR, 2006 WL 897990, at *2 (D. Or. Apr. 3, 2006) (taking judicial notice of a BOLI right-to-sue letter because it was a matter of public record); *see also Holloway v. Eastbridge Workforce Sols.*, No. CV-18-00795-PHX-SMB, 2019 WL 1059969, at *6 (D. Ariz. Mar. 6, 2019) (taking judicial notice of the plaintiff's EEOC charge because, *inter alia*, the plaintiff did not challenge the authenticity of the document, relied on the document for allegations in the complaint, and the document was "a matter of public record").

Accordingly, the Court takes judicial notice of the exhibits attached to the declarations of Cheney Moss and Chris (*see* FED. R. EVID. 201), and denies Chris's motion to strike.

## II.    DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss several of Chris's claims because (1) Chris cannot maintain claims under Title VII or OR. REV. STAT. § 659A.030(1)(a) against Kang, Spotts, and Carpenter (together, the "Individual Defendants") in their individual capacities; (2) Chris's claims under OR. REV. STAT. § 659A.030(1)(a) and OR. REV. STAT. § 659A.030(1)(g) are time-barred because Chris failed to bring the claims within 90 days of receiving a right-to-sue letter from BOLI; (3)

PAGE 6 – FINDINGS AND RECOMMENDATION

Chris's new Title VII allegations against the Church occurred after she filed her initial EEOC complaint and therefore Chris failed to exhaust Title VII's required administrative remedies related to those specific allegations; and (4) the statute of limitations bars Chris's breach of contract claim.[4] (Defs.' Mot. at 1-2.)

### A. Claims against the Individual Defendants under Title VII and OR. REV. STAT. § 659A.030(1)(a)

Defendants argue that Chris cannot bring a claim against the Individual Defendants under Title VII or OR. REV. STAT. § 659A.030(1)(a) because only "employers"—i.e., the Church—are liable under those statutes. (*Id.* at 4-5.) Defendants argue that Chris's repeated reference to "the plural 'Defendants'" in her SAC "does not suggest that her [Title VII claim] is only brought against the [] Church." (*Id.* at 4.) In response, Chris claims that she "does not intend to state any claim against the [I]ndividual [D]efendants as employers pursuant to Title VII or [OR. REV. STAT. §] 659A.030(1)(a)." (Pl.'s Resp. at 6.) Defendants reply that Chris's "assertion that she did not intend to bring Title VII or [OR. REV. STAT. §] 659A.030(1)(a) claims against the Individual Defendants ignores her own pleadings in the [SAC]." (Defs.' Reply at 2.)

In her SAC, Chris alleges that "Defendants" violated Title VII and OR. REV. STAT. § 659A.03(1)(a) by discriminating and retaliating against her based on her race and national origin. (*See* SAC ¶¶ 24-34.) In light of Chris's representation that she did not intend to bring claims

---

[4] Defendants acknowledge that "[e]ven if the Court were to grant all the relief requested, [Chris] would still have claims against [the] Church for alleged discrimination under Title VII[,] . . . a State law claim for alleged retaliation[,] . . . and for alleged failure to pay a required minimum wage under State and Federal law[,] . . . and against the Individual Defendants for allegedly aiding and abetting the alleged State law retaliation claim[.]" (Defs.' Mot. Dismiss ("Defs.' Mot.") at 2-3.)

against the Individual Defendants under either Title VII or OR. REV. STAT. § 659A.030(1)(a), the

Court recommends that the district judge dismiss Chris's Title VII and OR. REV. STAT.

§ 659A.030(1)(a) claims against the Individual Defendants.[5]

### B.    Discrimination Claims against the Church and Individual Defendants under OR. REV. STAT. § 659A.030

Defendants argue that Chris's state law discrimination claim against the Church and

aiding and abetting discrimination claim against the Individual Defendants are time-barred. (*See*

Defs.' Mot. at 6.) Specifically, Defendants argue that under "[OR. REV. STAT. §] 659A.875, a

person who filed a BOLI complaint 'must commence a civil action . . . within 90 days after a 90-

day notice is mailed to the complainant[.]'" (*Id.*, quoting *Chaffin v. Apple, Inc.*, No. 3:19-cv-

00155-SB, 2019 WL 3432769, at *2 (D. Or. June 21, 2019), *findings and recommendation*

*adopted*, 2019 WL 3451303 (D. Or. July 26, 2019)).

Chris filed a charge with BOLI on April 26, 2021, alleging Defendants violated, *inter*

*alia*, OR. REV. STAT. §§ 659A.030(1)(b) and (1)(g). (*See* Moss Decl., Ex. A at 4.) On June 22,

2021, while the BOLI investigation was pending, Chris filed her original complaint asserting

only a federal claim under Title VII. (*See* Compl.) On September 9, 2021, Chris filed a first

amended complaint, again asserting only a federal claim. (*See* First Am Compl. ("FAC").) BOLI

sent Chris a right-to-sue letter on October 5, 2021, informing Chris that she had 90 days to file

her claim. (*See* Moss Decl. Ex B.) Chris's 90-day window therefore closed on January 4, 2022.[6]

---

[5] The Court also recommends that the district judge dismiss Chris's OR. REV. STAT. § 659A.030(1)(a) discrimination claims as time-barred, as discussed below.

[6] In response to the COVID-19 pandemic, Oregon House Bill 4212 ("HB 4212") and Oregon Senate Bill 813 ("SB 813") tolled any deadlines to commence civil actions that expired between March 8, 2020, and December 31, 2021. *See Phelps v. Wellpath Mgmt., Inc.*, 6:22-cv-00462-IM, 2022 WL 17084187, at *2-7 (D. Or. Nov. 18, 2022) (analyzing the text, context, legislative history, and maxims of construction relating to the relevant legislation). Chris's 90-

PAGE 8 – FINDINGS AND RECOMMENDATION

On July 5, 2022, Chris filed her SAC asserting, for the first time, state law claims under OR. REV. STAT. 659A.030. (*See* SAC.)

Defendants argue that Chris was required to "amend her complaint to assert her state law claims within the required time period . . . and is therefore time barred from asserting those claims now." (Defs.' Mot. at 6.) The Court agrees. The law is clear that Chris's state law discrimination claims are time barred because she filed the claims more than 90 days after BOLI issued its right-to-sue letter regarding those claims. *See Chaffin*, 2019 WL 3432769, at *2 ("Courts have uniformly held that ninety days means ninety days, and that complaints filed even a day or two past the ninety-day deadline are time-barred.").

Chris responds that her discrimination claims based on state law are not time-barred because her "original complaint included the state law discrimination claims." (Pl.'s Resp. at 7.) To the contrary, Chris's original complaint did not include state law discrimination claims. (*See* Compl.) Chris did not cite any Oregon statute in her original complaint, nor did she reference state law. (*See id*.) Rather, she asserted a claim under Title VII and identified a claim of wage discrimination as "labor abuse." (*See id*.)

Alternatively, Chris relies on Rule 15(c) of the Federal Rules of Civil Procedure to argue that "the state law claims relate back to the filing of the original complaint and so were timely as the original complaint was filed within 90 days of the right to sue letter." (*Id*. at 8, citing FED. R. CIV. P. 15(c).) However, Chris did not file her original complaint within 90 days of the BOLI right-to-sue letter. Rather, she filed her original complaint asserting only federal claims on June 22, 2021, while the BOLI investigation was still pending. BOLI did not send its right-to-sue

day window closed on January 4, 2022, and therefore HB 4212 and SB 813 did not impact her limitations period.

letter to Chris until October 5, 2021, and Chris did not amend her complaint to add the state

discrimination claims until July 5, 2022. As such, even if Chris's state discrimination claims

relate back to her original complaint, and the Court considered June 22, 2021 as the relevant

filing date, she did not file her claims within 90 days of BOLI's October 5, 2021, right-to-sue

letter.

To the extent Chris suggests her state claims are timely because her federal case was

already on file when she received BOLI's right-to-sue letter, the Court disagrees. Although Chris

timely filed her *federal* claims within 90 days of receiving the EEOC's right-to-sue letter on

March 29, 2021 (Moss Decl. II, Ex. D), she could not have included her state claims in her

original complaint on June 22, 2021, because her BOLI charge was still pending at that time.

Including the state discrimination claims in her original complaint would have divested BOLI of

its jurisdiction. *See* OR. REV. STAT. § 659A.820(4)(a) ("[A] [BOLI] complaint may not be filed

under this section if a civil action has been commenced in state or federal court alleging the same

matters.");[7] OR. ADMIN. R. 839-003-0020(3) ("After filing a complaint with [BOLI], an

aggrieved person may file a civil action in state or federal court alleging the same matters as

those alleged in the complaint. The aggrieved person should notify [BOLI] of the civil action.

When the division receives notice from the aggrieved person or aggrieved person's attorney, or

court documents indicating that such a civil action has been filed, [BOLI] will dismiss the

complaint."). If the Court were to consider Chris's state discrimination claims as filed on June

---

[7] "The term 'same matters' refers to the asserted causes of action, not the underlying facts." *Spangler v. City of Monument*, No. 2:16-cv-00090-SU, 2017 WL 6723764, at *5 (D. Or. Dec. 21, 2017) (citation omitted). Here, Chris alleged violations of OR. REV. STAT. §§ 659A.030(1)(b) and (1)(g) in her BOLI charge, the same causes of action she included in her SAC. (*Compare* Moss Decl. Ex. A *with* SAC ¶¶ 28-39.)

22, 2021, she would receive the benefit of asserting state discrimination claims simultaneously in

a civil action and with BOLI, which the law clearly prohibits. Instead, Chris was required to

amend her pending complaint to include her state discrimination claims within 90 days of

receiving BOLI's right-to-sue letter. *Cf. Hubbard v. Bimbo Bakeries USA, Inc*., 270 F. App'x

607, 609 (9th Cir. 2008) ("By amending his complaint to add the statutory counts under [] OR.

REV. STAT § 659A.030, *et. seq*., within 90 days of receiving a 'right to sue' letter from BOLI [the

plaintiff] exhausted his administrative remedies."). She failed to do so.

For these reasons, the Court recommends that the district judge grant Defendants' motion

to dismiss Chris's state law discrimination claim against the Church (her second cause of action)

and her aiding and abetting discrimination claims against Kang and Carpenter (her third cause of

action), because these claims are time-barred.[8]

///

///

---

[8] Defendants acknowledge that Chris may proceed on her state law retaliation claims
against the Church (in her second cause of action) and her aiding and abetting retaliation claims
against the Individual Defendants (in her third cause of action). (Defs. Mot. at 2-3.) To the extent
the Court's dismissal of Chris's state law discrimination claims does not resolve Defendants'
argument that Chris cannot bring aiding and abetting claims against the Individual Defendants
for aiding and abetting the Church's breach of contract and wage claims (Defs.' Mot. at 9-10;
Defs.' Reply at 11-12), the Court finds that in her third cause of action Chris may proceed only
on her claims that the Individual Defendants aided and abetted unlawful acts of retaliation in
violation of OR. REV. STAT. § 659A, and not on any claim that the Individual Defendants aided
and abetted the Church's breach of contract or failure to pay minimum wages under state or
federal law. *See* OR. REV. STAT. § 659A.030(1)(g) (providing that it is unlawful for "any person,
whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of
the acts forbidden *under this chapter* or to attempt to do so") (emphasis added); *see also Grosz v.
Farmers Ins. Exch*., No. CV-10-563-ST, 2010 WL 5812667, at *8 (D. Or. Nov. 9, 2010)
("[A]iding and abetting liability under [OR. REV. STAT. §] 659A.030(1)(g) does not apply to
claims for wage claim retaliation under [OR. REV. STAT. §] 652.355 or 653.060."), *findings and
recommendation adopted*, 2011 WL 587555 (D. Or. Feb. 10, 2011).

PAGE 11 – FINDINGS AND RECOMMENDATION

### C.    Title VII Retaliation Claim against the Church

The Court previously dismissed Chris's Title VII retaliation claim because Chris failed to allege facts sufficient to establish two required elements: the protected activity in which she engaged and how that activity was connected to an adverse employment action. (*See* ECF No. 59 at 15.) Chris originally alleged only that she "was retaliated against for engaging in protected activity in violation of Title VII[.]" (FAC at 6.) However, in her SAC, Chris includes several specific allegations of retaliatory conduct and an allegation that the Church's conduct caused her to suffer, *inter alia*, "lost compensation and employment benefits." (*See, e.g.*, SAC ¶ 26); *see also Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002) (holding that a reduction in pay is an adverse employment action under Title VII). Defendants argue that Chris cannot maintain her Title VII claim as alleged because some of her allegations of retaliation occurred "after the filing of the EEOC . . . complaint[] and this lawsuit" and therefore Chris has failed to exhaust her administrative remedies with respect to those allegations. (*See* Defs.' Mot. at 7, citing SAC ¶ 18.)

There is no dispute that "[u]nder Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC . . . thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)). Courts construe EEOC charges with the "utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Id.* at 1100 (citation omitted). "Allegations . . . not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Id.* (simplified).

///

Here, Defendants acknowledge that Chris included retaliation allegations in her EEOC complaint. (*See* Moss Decl., ¶ 4, Ex. C.) Specifically, Chris charged that Church employees subjected her to what she believed to be unlawful discrimination, that she complained to the Church about that activity, the Church failed to act on her concerns, and then retaliated against Chris for raising those concerns. (*See id*.) However, Defendants focus on Chris's allegation in the SAC that after she filed the EEOC and BOLI complaints, the Church began to isolate her and replace her job duties. (*See* Defs.' Mot at 7, citing SAC ¶¶ 18-20.) Defendants argue that, by including these post-EEOC filing allegations of retaliation in her SAC, Chris's Title VII claim is "new" and "occurred after [Chris's] EEOC complaint had already been dismissed, and thus could not have been part of the EEOC complaint/investigation, requiring [Chris] to initiate a new EEOC complaint to assert this new Title VII retaliation claim." (Defs.' Reply at 5.) Chris responds that she does not allege that she experienced retaliation only after filing her EEOC complaint, and that Defendants have not explained how her current retaliation claims are unrelated to her EEOC retaliation claims. (Pl.'s Resp. at 11.)

In the SAC, Chris alleges retaliation both before and after she filed her EEOC and BOLI complaints. Chris alleges that as early as November 2020, Carpenter subjected Chris to unlawful behavior, that Chris complained about Carpenter's behavior to Kang and Spotts, and when Kang and Spotts did nothing Chris took her concerns to the Board of Elders, which again took no action. (*See* SAC ¶¶ 12-15.) As a result of expressing her concerns, Chris alleges the Church retaliated against her. (*See, e.g.*, SAC ¶ 17, alleging "Carpenter reassigned Chris's job duties[,] . . . minimize[d] Chris's role and [] divide[d] her from the Church and the choir"). Chris further alleges that after she filed her EEOC and BOLI complaints, the workplace "became very uncomfortable," the Church required her to work from home and she became more isolated, and

the other employee took over more of her role. (SAC ¶ 18.) Construed liberally, Chris alleges

continued retaliation, rather than new retaliation specifically in response to her EEOC and BOLI

complaints. The Court finds that Chris's allegations of new retaliatory conduct are like and

reasonably related to the allegations of retaliation she included in her EEOC charge. *See Lyons v.*

*England*, 307 F.3d 1092, 1104 (9th Cir. 2002) ("Incidents of discrimination not included in an

EEOC charge may not be considered by a federal court unless the new claims are like or

reasonably related to the allegations contained in the EEOC charge.") (citation omitted).

   To the extent Defendants argue that the only protected activity Chris alleges in the SAC

was the filing of her EEOC and BOLI complaints, Title VII provides, in relevant part, that "[i]t

shall be an unlawful employment practice for an employer to discriminate against any of his

employees . . . because [s]he has opposed any practice made an unlawful employment practice

by this subchapter[.]" 42 U.S.C. § 2000e-3(a). This section of Title VII is referred to as the

"opposition clause." *Sias v. City Demonstration Agcy.*, 588 F.2d 692, 695 (9th Cir. 1978). In

accordance with the "opposition clause," the Ninth Circuit has held that "appropriate informal

opposition to perceived discrimination must not be chilled by the fear of retaliatory action[.]" *Id.*;

*see also Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1086 (D. Or. 2015)

("The opposition clause protects 'appropriate informal opposition to perceived discrimination'"

(quoting *Sias*, 588 F.2d at 695)). Therefore, "[i]t should not be necessary for an employee to

resort immediately to the EEOC or similar State agencies in order to bring complaints of

discrimination to the attention of the employer with some measure of protection." *Id.* "When an

employee reasonably believes that discrimination exists, opposition thereto is opposition to an

employment practice made unlawful by Title VII even if the employee turns out to be

mistaken[.]" *Id.* (finding that "resolution of such charges without governmental prodding should be encouraged").

Here, Chris's complaints about what she perceived to be unlawful conduct was protected activity under Title VII, as was her filing of the EEOC and BOLI complaints. Accordingly, the Court recommends that the district judge deny Defendants' motion to dismiss Chris's Title VII claim against the Church.

### D.    Breach of Contract Claim Against the Church

For the first time in her SAC, Chris alleges that she entered into an employment contract with the Church in January 2014. (SAC ¶ 41.) According to Chris, the contract terms provided that she would work "for 450 [dollars] per month and work hours not over 48 hours per month" and "after 6 months [Chris] would be in a permanent position, and her pay would go up." (*Id.*) Chris began working more than 48 hours per month "in or about April 2014," but the Church did not pay her for the additional hours, and did not increase her pay after six months as agreed. (*Id.* ¶¶ 41-43.) Chris claims the Church breached the employment contract because the Church "failed to pay agreed wages." (*Id.* ¶ 44.)

Defendants move to dismiss Chris's breach of contract claim because Chris failed to bring the claim within the applicable statute of limitations. (Defs.' Mot. at 8.)

### 1.    Applicable Law

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Andersen v. Portland Saturday Mkt.*, No. 3:17-cv-01500-HZ, 2018 WL 2917357, at *2 (D. Or. June 11, 2018) (citing *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) and quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "If the allegations, for example,

show that relief is barred by the applicable statute of limitations, the complaint is subject to

dismissal for failure to state a claim[.]" *Id.* (citation omitted); *see also Supermail Cargo, Inc. v.*

*United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) ("A motion to dismiss based on the running

of the statute of limitations period may be granted only if the assertions of the complaint, read

with the required liberality, would not permit the plaintiff to prove that the statute was tolled.")

(simplified). "Where claims are barred by the statute of limitations, the trial court may dismiss

the plaintiff's claims without leave to amend because the amendment would be futile." *Id.*

(quoting *Platt Elec. Supply Inc. v. EOFF Elec. Inc*., 522 F.3d 1049, 1060 (9th Cir. 2008)).

### 2.    Analysis

The parties agree that Oregon's six-year statute of limitations applies to Chris's breach of

contract claim. *See* OR. REV. STAT. § 12.080(1), (4) ("An action upon a contract or liability,

express or implied . . . shall be commenced within six years."). "The six-year statute of

limitations runs from the date of the breach, not the date of contract[.]" *Salomon v. Mass. Mut.*

*Life Ins Co*., No. 03:11-cv-01007-HU, 2012 WL 1081191, at *6 (D. Or. Jan. 13, 2012) (applying

Oregon law) (simplified), *findings and recommendation adopted*, 2012 WL 1079843 (D. Or.

Mar. 30, 2012).

Chris argues that her claim is timely because: (1) the breach of contract is ongoing; (2)

the breach of contract claim relates back to her original complaint; and (3) HB 4212 tolled the

statute of limitations. (*See* Pl.'s Resp. at 12-14.) The Court finds that Chris's breach of contract

claim relates back to her original complaint, and HB 4212 extended the applicable statute of

limitations. Therefore, Chris timely filed her breach of contract claim.

Where, as here, "the limitations period derives from state law, . . . [the Court must]

consider both federal and state law and employ whichever affords the 'more permissive' relation

back standard." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014) (citation omitted). Under Federal Rule of Civil Procedure 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim [] that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1). Chris bears the burden of establishing that her breach of contract claim relates back to her original complaint. *See Wilkins-Jones v. City of Alameda*, No. C-08-1485 EMC, 2012 WL 3116025, at *14 (N.D. Cal. July 31, 2012) (noting that "it is [the] Plaintiff's burden to show relation back"). "To relate back, the original and amended pleadings must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (simplified). "The relation back doctrine of Rule 15(c) is to be liberally applied." *Id.* (citation omitted).

"Oregon Rule of Civil Procedure 23(c) contains nearly identical language to Federal Rule of Civil Procedure 15(c)(1)[.]" *Gessele v. Jack in the Box, Inc.*, 427 F. Supp. 3d 1276, 1332 (D. Or. 2019). Under Oregon Rule of Civil Procedure 23C, relation back is allowed when, *inter alia*, "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" OR. R. CIV. P. 23C; *see also Walters v. Hobbs*, 176 Or. App. 194, 211, *modified on reconsideration*, 177 Or. App. 527 (2001) (holding that relation back was appropriate where "the added allegation was that the defendant had done something tortious concerning the same predicate facts, resulting in the same damages to the same party, as was specified in the original pleading").

///

The Court finds that Chris's breach of contract claim arises out of the same underlying conduct as her allegations in the original complaint. In her original complaint, Chris alleged, *inter alia*, that "[s]ince 2014, [she] was hired as a choir accompanist that was a professional work and paid only $450 per month . . . even though [she] worked over 100 hours per month, plus [she] worked numerous times extra work and hours but didn't get paid until now[.]" (Compl. at 5.) Defendants argue that Chris did not specifically allege the existence of a contract or the terms of that contract, and in particular Chris did not previously allege that the Church had agreed to a pay increase after six months. (*See* Defs.' Reply at 11.) According to Defendants, "there is absolutely nothing in the allegations of the initial complaint that would have put [the] Church on notice that [Chris] might assert a breach of contract claim[.]" (*Id*.)

However, "[u]nder Rule 15(c)'s liberal standard, a plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant." *ASARCO, LLC,* *765 F.3d at 1006.* "The exact contours of those claims—the facts that will ultimately be alleged and the final scope of relief that will be sought—can and should be sorted out through later discovery and amendments to the pleadings." *Id.* Defendants are correct that "notice is an essential element in the relation back determination[,]" "[b]ut Rule 15 does not require that a pleading give notice of the exact scope of relief sought." *Id.* "Rather, it must give fair notice of the transaction, occurrence, or conduct called into question." *Id.* (citation omitted); *see also* *Santana v. Holiday Inns, Inc*., *686 F.2d 736, 739 (9th Cir. 1982)* ("Once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added.").

Here, Defendants were on notice that Chris based her claims in part on the Church's alleged failure to pay Chris as agreed, and its failure to pay her for all of the hours that she

worked beginning in 2014. While Chris's breach of contract claim is a new theory of recovery

alleging additional facts—the presence of a contract and the terms of that contract—it does not

"significantly alter the pleadings" such that Defendants must "start over and prepare the case a

second time." *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439-OWW, 2010

WL 5330481, at *9 (E.D. Cal. Dec. 20, 2010) ("Advancement of a new legal theory based on

facts pled in an earlier complaint is permissible under Rule 15.") (citation omitted); *cf. ASARCO,*

*LLC*, 765 F.3d at 1005 ("Amendments that significantly alter the pleadings could require the

opposing party to start over and prepare the case a second time.") (citation omitted). Further,

"Rule 15's purpose is to provide maximum opportunity for each claim to be decided on its merits

rather than on procedural technicalities." *Id.* at 1006. This purpose, along with the Ninth

Circuit's mandate to apply Rule 15 liberally and in light of the Court's liberal construction of a

self-represented litigant's pleadings, leads the Court to conclude that Chris's breach of contract

claim relates back to the original pleading she filed on June 22, 2021.

Chris alleges that the Church breached her employment contract for the first time in April

2014, when Chris worked more than 48 hours per month but the Church did not pay her for the

additional hours, and again in July 2014, when the Church did not increase her pay as agreed.

(SAC ¶¶ 41-43.) Thus, absent tolling, the six-year statute of limitations on her breach of contract

claims expired in April 2020 or July 2020 with respect to those initial alleged breaches.

However, HB 4212 and SB 813 tolled the applicable statute of limitations from March 4, 2020 to

December 31, 2021 as a result of the COVID-19 pandemic, and therefore the limitations period

did not expire until December 31, 2021. *See Phelps*, 2022 WL 17084187, at *7 ("The text and

context of Section 7 and Section 8 of H.B. 4212 indicate a clear legislative will to extend the

statute of limitation for certain causes of action in Oregon through—but not past—December 31,

2021."). Accordingly, Chris's breach of contract claim is timely because she filed her original complaint on June 22, 2021, and the district judge should deny Defendants' motion to dismiss the breach of contract claim.

## III.    LEAVE TO AMEND

For the reasons stated, the Court recommends that the district judge dismiss as time-barred Chris's state law discrimination claims against the Church and the Individual Defendants under OR. REV. STAT. § 659A.030, and also dismiss Chris's Title VII claims against the Individual Defendants. Chris cannot cure the defects in these claims by amendment, and therefore the Court recommends that the district judge deny Chris leave to amend these claims. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile" and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend."); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility . . . or where the amended complaint would also be subject to dismissal.") (citation omitted).

## CONCLUSION

Based on the foregoing reasons, the Court DENIES Chris's motion to strike (ECF No. 70), and recommends that the district judge GRANT Defendants' motion to dismiss Chris's state law discrimination claims against the Church and the Individual Defendants (included in her second and third causes of action), GRANT Defendants' motion to dismiss Chris's Title VII claim against the Individual Defendants (included in her first cause of action), DISMISS those claims with prejudice, and DENY Defendants' other motions to dismiss (ECF No. 67).

**SCHEDULING ORDER**

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

**IT IS SO ORDERED.**

DATED this 11th day of January, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge